IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| RONITA HINES, | : | |
| Plaintiff, | | Case No. 3:11-cv-409 |
| | : | |
| | | District Judge Thomas M. Rose |
| -vs- | : | Magistrate Judge Michael J. Newman |
| | | |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | | |

**REPORT AND RECOMMENDATION
AND
NOTICE REGARDING OBJECTIONS**

This matter was filed *pro se* in the Montgomery County Common Pleas Court, and removed to this Court by Defendant, the Commissioner of Social Security, under 28 U.S.C. §§1442 and 1446. Following removal, the Commissioner filed a motion to dismiss on November 23, 2011. *See* doc. 3. Plaintiff was to file a memorandum in opposition to the motion no later than December 19, 2011. None was filed. Accordingly, the Court ordered *pro se* Plaintiff to show cause, on or before January 5, 2012, why the motion "should not be granted and this case dismissed as requested in the Commissioner's motion." Doc. 4 at 1. To ensure that Plaintiff received notice of the Show Cause Order, the Court directed that the Order be mailed to Plaintiff via both regular and certified mail. *Id.*

**I.**

The January 5th deadline has passed, and *pro se* Plaintiff has not filed any document in response to the Commissioner's motion to dismiss. Nor has she filed anything in response to the Court's Show Cause Order. (The mail sent to her, by the Clerk, has been returned to the Court as

"undeliverable.") Given Plaintiff's failure to respond to the Show Cause Order (as well as her failure to file a memorandum in opposition to the pending motion to dismiss), this case merits dismissal on account of Plaintiff's lack of prosecution. *Accord Jourdan v. Jabe*, 951 F.2d 108, 109-10 (6th Cir. 1991).

## II.

The case also merits dismissal on additional grounds. As a preliminary matter, the Court notes *sua sponte* that Plaintiff has failed to plead her claims with sufficient particularity, *i.e.,* the Court cannot tell precisely what claims Plaintiff is trying to plead and the underlying facts giving rise to those claims. Plaintiff's *pro se* complaint reads in its entirety as follows:

> I[,] Ronita Hines, []am filing [this] complaint to the Defendant []United States of America Social Security Office for public accommodation, not rendering service, discrimination against my disease [-] my mental illness, serious health condition, developmental handicap [-] learning problem, pain, suffering. On June, between 2-10 of 2011[,[ Ms. Long[,] manager at United States of America Social Security Administration Building in Columbus, Ohio[,] sent Ronita Hines written documents []that none of my conditions enables me to work, I was denied, that what was told, about all [of] my conditions that can't be cure[d], that I was born with 2 conditions, that I will die with.

Doc. 1-1 (State Court Complaint) at 4 (brackets added; capitalization deleted).

Construing this pleading in *pro se* Plaintiff's favor, as required by *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), it appears she complains (1) about the denial of Social Security disability benefits; (2) discrimination by the Social Security agency (presumably as a result of the decision not to award her benefits); and (3) that this denial, or some other unspecified conduct by the Agency, constitutes discrimination and/or a failure to provide her with a public accommodation. Plaintiff has failed to set out the material elements to maintain any discrimination or public accommodation claims. Therefore, the Court finds that Plaintiff's claims fail to satisfy the pleading requirements

of Fed. R. Civ. P. 8(a) and merit dismissal pursuant to *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436-37 (6th Cir. 1988).

### III.

Plaintiff's Social Security claim also merits dismissal for the reasons stated by the Commissioner in its motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). *See* doc. 3.

Absent an unequivocal waiver of sovereign immunity and consent to be sued, a court does not have jurisdiction over any claims made against the United States and its agencies. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). In 42 U.S.C. § 405(g), Congress consented to being sued in Social Security cases exclusively in federal district courts. Accordingly, the state court lacked subject matter jurisdiction over Plaintiff's Social Security appeal.

Under the derivative jurisdiction doctrine,[1] because the state court (where the action was initially filed) did not have subject matter jurisdiction over Plaintiff's claim, this Court also lacks subject matter jurisdiction upon a 28 U.S.C. § 1442 removal. *Accord Graber v. Astrue*, No. 2:07-cv-1254, 2009 WL 728564, at *1-4 (S.D. Ohio Mar. 17, 2009); *Ohio v. Smith*, No. 2:06-cv-1022, 2007 WL 1114252, at *1-2 (S.D. Ohio Apr. 12, 2007); *Smith v. Cromer*, 159 F.3d 875, 879 (4th Cir. 1998); *Elko Cnty. Grand Jury v. Siminoe*, 109 F.3d 554, 555 (9th Cir. 1997).

Alternatively, even if Plaintiff had properly filed her complaint in this Court, her Social Security claim would still be subject to dismissal because, as is made clear in the motion to dismiss, she failed to present any evidence that she exhausted her administrative remedies.[2] Section 405(g)

---

[1]The Supreme Court explained the derivative jurisdiction doctrine in *Minnesota v. United States*, 305 U.S. 382, 389 (1939) as follows: "[J]urisdiction of the federal court on removal is, in a limited sense, a derivative jurisdiction. Where the state court lacks jurisdiction of the subject matter or of the parties, the federal court acquires none, although in a like suit originally brought in a federal court it would have had jurisdiction." *Minnesota*, 305 U.S. at 389.

[2] Plaintiff has the burden of proving federal subject matter jurisdiction. *Moir v. Greater Cincinnati Reg'l Transit Auth,*, 895 F.2d 266, 269 (6th Cir. 1990).

*3*

only authorizes judicial review of the "final decision of the Commissioner." *See* 42 U.S.C. §405(g). Without a "final decision," the Court does not have subject matter jurisdiction to review Plaintiff's Social Security appeal. *See Willis v. Sullivan*, 931 F.2d 390, 397 (6th Cir. 1991).

## CONCLUSION

It is therefore **RECOMMENDED** that Plaintiff's complaint be **DISMISSED,** and this case be **TERMINATED** upon the Court's docket.

January 12, 2012                                            s/ **Michael J. Newman**
                                                                         United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B)(C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. See United States v. Walters, 638 F. 2d 947 (6th Cir. 1981); Thomas v. Arn, 474 U.S. 140 (1985).